MORRIS HERSH v. STATE.

No. A-4517.    Opinion Filed Nov. 1, 1924.
(229 Pac. 845.)

Appeal from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Morris Hersh was convicted of murder and he appeals. Affirmed.

De Graffenried & De Graffenried, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. The plaintiff in error, Morris Hersh, was charged with the crime of murder in the district court of Muskogee county, Okla., said murder, according to the allegations of the information, was alleged to have been committed in said county on the 10th day of January, 1922, by shooting to death one Abraham Hersh with an automatic revolver. It appears from the record that the conviction of the plaintiff in error resulted at the conclusion of a second trial of this case, the jury fixing the punishment at imprisonment in the penitentiary for life, and on the 29th day of May, 1922, the court rendered judgment in accordance with the verdict. The petition in error and case-made were filed in this court on the 28th day of November, 1922, and the case was finally submitted on the record on October 6, 1924.

This being an appeal from a judgment of conviction for a felony, the court has carefully examined the record in connection with the errors assigned. The transcript of the evidence is voluminous, covering more than 500 pages of typewritten matter. The plaintiff in error shot and killed his brother, Abraham Hersh, at their place of residence in the city of Muskogee. At the time he also shot and killed a visitor at their home by the name of Henry Estin, and also shot and wounded his sister-in-law, Esther Hersh, and his wife, Jennie Hersh. According to the testimony of the eyewitnesses for the state, this killing was a deliberate murder, without any justification or excuse. The defense interposed was self-defense, and the defendant claims that he shot his brother, Abraham Hersh, and Henry Estin at a time when they were making an attack upon him with a knife in an effort to carry out threats previously made against his life by his brother, Abraham Hersh. The law covering these issues was fully explained to the jury in the instructions given by the trial court. The jury adopted the theory of the state, and while the evidence is conflicting, the testimony given by

the state's witnesses is such, if believed, as it evidently was, as is sufficient to sustain the verdict and judgment. An examination of the information discloses that it is a sufficient charge of murder, and the instructions, we believe, are fair to both sides.

It is to be regretted that no brief has been filed or argument made on behalf of this defendant in this court. Where one is charged with and convicted of the crime of murder and sentenced to life imprisonment at hard labor, and an appeal taken from such judgment to this court, the appellate court should have the benefit of a brief in support of the reasons assigned that the judgment should be reversed. However, in the absence of any such brief or any argument made in behalf of this plaintiff in error, the court has taken occasion to carefully examine this record and has reached the conclusion that no error occurred during the progress of the trial sufficiently prejudicial to authorize or require a reversal of this judgment.

The judgment is therefore affirmed.